UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IAN WRIGHT, | : | |
| *Plaintiff*, | : | CASE NO. 3:17-cv-1917 (MPS) |
| | : | |
| *v.* | : | |
| | : | |
| MICHAEL BIBENS, et al. | : | |
| *Defendants*. | : | February 2, 2018 |

_____

**INITIAL REVIEW ORDER**

On November 16, 2017, the plaintiff, Ian Wright, an inmate currently confined at

Corrigan-Radgowski Correctional Center ("Corrigan") in Uncasville, Connecticut,

brought a civil action *pro se* under 42 U.S.C. § 1983 against Chief of Food Services

Michael Bibens, District Food Service Manager Testa, Food Production Manager

John/Jane Doe, Food Service Supervisor Kulp, Food Service Supervisor Jackson, and

Commissioner of Correction Scott Semple, all of whom are employees of the Connecticut

Department of Correction ("DOC").  The plaintiff is suing all six defendants in their

individual and official capacities for violating his rights under the First and Eighth

Amendments to the United States Constitution and the Religious Freedom Restoration

Act, 42 U.S.C. §§ 2000bb et seq. ("RFRA").  He seeks monetary, injunctive, and

declaratory relief.  On January 25, 2018, this court granted his motion to proceed *in*

*forma pauperis*.  *See* Order (ECF No. 12).  For the following reasons, his complaint is

dismissed without prejudice.

I.    Relevant Legal Principles

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and

dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II.     Factual Allegations

The plaintiff is a member of the Rastafarian religion and has been incarcerated since 2000. Compl. ¶ 17. The religion requires its practitioners to be vegetarians. *Id.* When he began his incarceration in 2000, the plaintiff was approved to receive "common-fare meals" under DOC Administrative Directive 10.18(3)(A). *Id.* at ¶¶ 6–7, 17. A common-fare meal is a diet "which meets all nutritional requirements and reasonably accommodates recognized religious dietary restrictions." *Id.* at ¶ 9.

On September 22, 2017, the plaintiff was transferred from Cheshire Correctional Institution to Corrigan. Compl. ¶ 19. Upon arrival, the plaintiff informed Corrigan staff that he had been approved to receive common-fare meals because of his religious dietary restrictions and would like to continue to receive such meals while at Corrigan. *Id.* Thereafter, the plaintiff was escorted to the A-Unit at Corrigan. *Id.* at ¶ 20.

The next day, during meal time, the plaintiff was served a regular diet tray by "prison officials." Compl. ¶ 21. The plaintiff refused the meal and explained to the officials that he was supposed to receive a common-fare meal. *Id.* The plaintiff was denied common-fare meals that day. *Id.* He instructed the on-shift correctional officer to contact the kitchen supervisor and inform him or her of the issue regarding his common-fare meals. *Id.* at ¶ 22. The officers contacted the supervisor, but the supervisor informed them that the plaintiff was not on the common-fare meal list and was not approved to receive a common-fare meal. *Id.*

The plaintiff continued to refuse regular meals from September 23 to September 26 and was never served a common-fare meal. Compl. ¶ 23. On September 29 (or September 24, the handwriting suggests it could be either), the plaintiff spoke with defendant Jackson, who informed the plaintiff that he was not on the approved list to receive common-fare meals. *Id.* at ¶ 24. The plaintiff also sent a written Inmate Request Form explaining his need to receive common-fare meals. *Id.* at ¶ 27. Defendant Kulp responded to the request, stating that he had added the plaintiff to the common-fare meal list. *Id.* Kulp requested that the plaintiff inform him of any issues thereafter regarding his meals. *Id.*

At some point, the plaintiff was evaluated by medical staff at Corrigan regarding his request for treatment sent on September 23, 2017, which had complained of dizziness due to not eating. Compl. ¶ 29. His evaluation showed that he had lost eight pounds since the last time he was weighed. *Id.*

III.  Analysis

The plaintiff claims that the defendants violated his rights under the First and Eighth Amendments and RFRA by denying him common-fare meals from September 23 to September 26, 2017. The United States Supreme Court has held that RFRA is unconstitutional as applied to States. *City of Boerne v. Flores*, 521 U.S. 507, 519 (1997). It applies only to the federal government and its officers. *Sossamon v. Texas*, 563 U.S. 277, 281 (2011). Therefore, the plaintiff cannot sue the defendants, all state employees, under RFRA.[1]

With respect to his constitutional claims, the plaintiff has failed to allege how each defendant was personally involved in the actions that gave rise to his claims. It also appears from the complaint that he has since been placed on the common-fare meal list and, thus, his requests for declaratory and injunctive relief also fail.

A.  Personal Involvement

"It is well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted); *see*

---

[1] Even if the plaintiff's claims were brought under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq., they would fail. The Supreme Court has held that RLUIPA does not waive States' immunity from actions for money damages by private parties, *Sossamon*, 563 U.S. at 285–86, and money damages are not available against individual defendants under RLUIPA. *See, e.g., Pugh v. Goord*, 571 F. Supp.2d 477, 506–07 (S.D.N.Y. 2008). Further, as discussed below, the claims for injunctive and declaratory relief fail due to the absence of factual allegations suggesting an ongoing denial of the plaintiff's rights.

*also Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under § 1983). A plaintiff who sues a supervisory official for monetary damages must allege facts showing that the official was "personally involved" in the constitutional deprivation in one of five ways: (1) the official directly participated in the deprivation; (2) the official learned about the deprivation through a report or appeal and failed to remedy the wrong; (3) the official created or perpetuated a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) the official failed to take action in response to information regarding the unconstitutional conduct. *Wright*, 21 F.3d at 501; *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003).

Aside from listing them as defendants and stating their job titles and responsibilities, the plaintiff does not allege any facts showing how Bibens, Testa, Doe, and Semple were personally involved in the deprivation of his common-fare meals upon his arrival at Corrigan. It appears that he is suing these individuals solely because of their supervisory positions, which is insufficient to obtain damages under § 1983. *See McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977) (fact that defendant was in high position of authority insufficient basis for personal liability). His only allegation against Jackson is that he informed him on September 29, 2017 (or September 24, 2017), that he was not on the common-fare meal list at that time. Compl. ¶ 24. As for Kulp, the plaintiff alleges only that he responded to his written request on September 29 stating that he had placed the plaintiff on the list. *Id.* at ¶ 27. These bare allegations are insufficient to show Jackson's and Kulp's personal involvement in violating his constitutional rights.

Therefore, the court dismisses his claims for damages without prejudice subject to the filing of an amended complaint showing how each defendant was personally involved in the alleged constitutional deprivations.

      B.  <u>Injunctive and Declaratory Relief</u>

As a form of injunctive relief, the plaintiff requests that the court order the defendants to "immediately arrange for [him] to receive vegetarian meals during meal serving times every day, even during court trips," and to "immediately arrange and put in place an adequate policy and procedure that would provide prisoner[s] with common-fare meals upon transfer and arrival at Corrigan." Compl. p. 17. The plaintiff alleges that Kulp informed him that he was placed on the list for common-fare meals. *See id.* at ¶ 27. Injunctive relief is not warranted where the plaintiff's allegations concern only past conduct. *See Inside Connect, Inc. v. Fischer*, 13 Civ. 1138 (CS), 2014 WL 2933221, *7 (S.D.N.Y. Jun. 30, 2014) (Eleventh Amendment barred prisoner's claim for injunctive relief based on officials' past conduct that is no longer ongoing). Therefore, if the plaintiff wishes to proceed with his claim, he should clarify in his amended complaint whether he is still receiving regular diet meals.

Similarly, the Eleventh Amendment bars declarations that the state has violated federal law in the past. *See Ward v. Thomas*, 207 F.3d 114, 119–20 (2d Cir. 2000). Therefore, unless and until the plaintiff alleges facts showing that the defendants are continuing to violate his constitutional rights by denying him common-fare meals, his claim for declaratory relief cannot proceed.

**ORDERS**

The complaint is hereby dismissed without prejudice, and the Clerk is instructed to close this case administratively.  The plaintiff may, within **thirty (30) days** of the date of this order, submit an amended complaint, together with a motion to reopen the case, that alleges facts showing (1) how each defendant was personally involved in the alleged constitutional deprivations and (2) whether his claims concern only past conduct.

It is so ordered.

Dated at Hartford, Connecticut this 2nd day of February 2018.


_____/s/_____
Michael P. Shea, U.S.D.J.